UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION ALEXANDER CARR, | No. 2: 16-cv-1364 MCE KJN P |
| Petitioner, | |
| v. | <u>ORDER & FINDINGS & RECOMMENDATIONS</u> |
| R.J. RACKLEY, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed an application to proceed in forma pauperis. (ECF No. 3.) Good causes appearing, the application to proceed in forma pauperis is granted.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides that if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. For the reasons stated herein, the undersigned finds that it is clear that petitioner is not entitled to relief. Accordingly, this action should be dismissed.

Petitioner was convicted of first degree murder in 1977 and sentenced to 7 years to life in prison. In this action, petitioner challenges parole suitability proceedings. Petitioner raises the following claims. First, petitioner appears to challenge the frequency of suitability hearings he receives pursuant to Marsy's law. (ECF No. 1 at 9.) Second, petitioner argues that California

1

Penal Code § 1168 and § 1170.2 require the Board of Parole Hearings ("BPH") to set a release date for him. (Id. at 10.) Third, petitioner argues that Butler requires the BPH to set a release date for him. (Id. at 9.) Fourth, petitioner argues that the BPH has relied on improper factors, such as the circumstances of his commitment offense, to find him unsuitable for parole. (Id. at 10.) Fifth, petitioner argues that application of the more onerous parole suitability standards set forth in California Penal Code § 3041 violates the Ex Post Facto Clause. (Id. at 27.) Sixth, petitioner argues that the length of his current incarceration, 33 years, violates the Eighth Amendment. (Id. at 32.) Seventh, petitioner also appears to argue that the release of his co-defendants on parole demonstrates that the BPH's failure to find petitioner suitable for parole is unconstitutional. (Id. at 19.)

*Claim 1: Marsy's Law*

Under Proposition 9, i.e., Marsy's Law, enacted in 2008, the minimum deferral period between parole hearings was increased from one to three years, and the maximum deferral period from five to fifteen years. Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011). Petitioner is apparently arguing that application of Marsy's Law violates the Ex Post Facto Clause.

The Ninth Circuit has held, however, that unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, "'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 925, 930-31 (9th Cir. 2016) (en banc). Claims that lie in the "core of habeas corpus" are those that, if successful, would "necessarily lead to … immediate or earlier release from confinement." Id. at 935. Were petitioner to succeed on an ex post facto claim regarding any decrease in the frequency of his parole hearings caused by application of Marsy's Law, the only relief he would obtain through this action is an earlier parole hearing, which would not necessarily lead to his immediate or earlier release. Accordingly, the court lacks jurisdiction over this claim.[1]

---

[1] Moreover, even if petitioner could maintain an independent ex post facto challenge after Nettles, any such challenge is foreclosed by the Ninth Circuit's decision in Gilman v. Brown, 814 F.3d 1007 (9th Cir. 2016) (Gilman II), which reversed Gilman I and held that Proposition 9's deferral provisions do not violate the Ex Post Facto Clause. Gilman II, 814 F.3d at 1016-17.

*Claim 2: Failure to Set Release Date*

Petitioner argues that California Penal Code § 1168 and § 1170.2 require the BPH to set a release date for him.

California Penal Code § 1170.2(a) and (b) describe how the BPH should determine a term of imprisonment for those inmates who committed felonies prior to the enactment of the Determinate Sentencing Law ("DSL") on July 1, 1977, i.e., inmates sentenced under the Indeterminate Sentencing Law ("ISL").

Section 1170.2(a) provides that the BPH shall convert indeterminate sentences to determinate sentences under the new law where applicable, and section 1170.2(b) sets forth steps on how and when to calculate a parole release date. See Lateef v. Horel, 2009 WL 4251325 at *3 (N.D. Cal. 2009). Section 1170.2(b) states that after the BPH re-calculates a prisoner's sentence under the DSL, the BPH shall establish a parole date unless it is determined that the prisoner should serve a longer term than that which was re-calculated. Id. If the BPH makes that determination, the prisoner shall have a hearing either prior to October 1, 1978, or within 120 days of the date he arrives in prison. Id. Altogether, section 1170.2 authorizes the BPH to re-calculate an inmate's ISL term into a DSL term for most felonies in order to afford the inmate an earlier release when a sentence under the DSL would have expired prior to an ISL release date. Id., citing In re Olson, 149 Cal.App.4th 790, 793 (2007).

Although petitioner committed his offense prior to July 1, 1977 (see ECF No. 1-1 at 13), section 1170.2 is still inapplicable to petitioner because a sentence for first degree murder was an indeterminate term both before and after the enactment of the DSL. Id., citing People v. Felix, 22 Cal.4th 651, 654 (2000) (recognizing that after the DSL, "[s]ome crimes, however, remain punishable by imprisonment for either some number of years to life, or simply life.") (internal quotation omitted); In re Monigold, 139 Cal.App.3d 485, 490 (1983), and therefore, the re-calculation provision of 1170.2 is irrelevant to petitioner.

Petitioner also appears to argue that section 1170.2(e) requires the BPH to release him on a date certain. The undersigned disagrees. Section 1170.2(e) states, "In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section

3

1168 if the felony was committed on or after July 1, 1977, the Board of Prison Terms shall provide for release from prison as provided for by this code." Section 1168 states that every person who commits a crime that provides for three time periods of imprisonment shall be sentenced under a fixed term, i.e., sections 1170 et seq., while all other people are not entitled to have their terms of imprisonment fixed.

Petitioner is not entitled to have a date certain upon which he will be released pursuant to section 1170.2(e); rather, the BPH shall determine when release is appropriate. See Lateef v. Horel, 2009 WL 4251325 at * 3-4; citing In re Monigold, 139 Cal.App.3d at 491 (explaining the distinction between those inmates sentenced to determinate sentences from those sentenced to indeterminate sentences by stating, "Prisoners sentenced to determinate terms had a date certain upon which they would be released, while those sentenced to indeterminate terms were to be released on parole when the Board of Prison Terms determined that release was appropriate"); see also In re Stanworth, 33 Cal.3d 176, 183 (1982) (stating that the ISL and DSL did not change the setting of a parole date for those inmates sentenced to a life sentence because under both schemes, a prisoner must first be found suitable for parole before a parole date could be set).

In any event, the discussion above demonstrates that petitioner is challenging the application of state law. "Federal habeas corpus relief does not lie for errors in state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991.) This court is bound by California's interpretation of its own laws. See McSherry v. Block, 880 2d 1049, 1052 (9th Cir. 1989). Because petitioner alleges a violation of state law, which does not appear to have been violated, this claim should be denied.

*Claim 3: Butler*

Petitioner argues that "Butler" requires the BPH to set a release date for him. Petitioner is apparently referring to the California state court case, In re Butler, 224 Cal.App.4th 469 (2014). Petitioner argues that Butler established a minimum eligibility qualification, which petitioner has exceeded by 32 years. (ECF No. 1 at 9.)

The case of In re Butler was actually two cases, one dealing with Butler's suitability for parole, formerly published at 224 Cal. App. 4th 469 (2014) and ordered depublished, now

appearing at 169 Cal. Rptr. 3d 1, and a separate lawsuit, In re Butler, 236 Cal.App.4th 1222 (2015). The settlement in the latter case requires the BPH to fix the base and adjusted terms of the class at the outset of the parole process. In re Butler, 236 Cal. App. 4th at 1244. The calculating of the base and adjusted base terms at the outset of the sentence was viewed as assisting the courts in determining whether an indeterminate sentence was becoming excessive, or was in fact excessive. In re Butler, 236 Cal. App. 4th at 1243-44.[2] This calculation might have a potential to discourage the BPH from unduly denying parole suitability, but the case did not mandate parole suitability findings in a prisoner's favor at any particular time. Id. Thus, the calculation of base and/or an adjusted base term in petitioner's case would have only a speculative effect on whether petitioner would be granted parole before the expiration of his life term. Regardless, speculative or not, In re Butler deals with only state administrative law, i.e., procedures to be followed by the BPH.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. See Swarthout v. Cooke, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 220-21.

Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at

---

[2] California's parole scheme contemplates that a prisoner sentenced to a term of years to life must be found suitable for parole before a parole date can be set. Criteria for determining whether a prisoner is suitable for parole are set forth in California Penal Code section 3041(b) and related regulations. See Cal. Code Regs. tit. 15, § 2402. If, pursuant to the judgment of the panel, a prisoner will pose an unreasonable danger to society if released, he must be found unsuitable and denied a parole date. Cal. Code Regs. tit. 15, § 2402(a).

221; Miller v. Oregon Bd. of Parole and Post– Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Swarthout that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. Swarthout at 220. The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

Petitioner's claim that the BPH failed to set his base term as required by Butler raises an issue of state law only. As set forth in Swarthout, the federal due process protections do not include adherence to California procedures. The Supreme Court stated, "we have long recognized that 'a "mere error of state law" is not a denial of due process.'" Swarthout, 131 S. Ct. 863 (citations omitted). Accordingly, this claim should be denied.

*Claim 4: Reliance on Improper Factors*

Petitioner argues that the BPH relied on improper factors in finding him unsuitable for parole. Petitioner appears to challenge the finding of unsuitability at his most recent parole suitability hearing held in 2012. (See ECF No. 1-1 at 1-106.) Following this hearing, the BPH set his next suitability hearing in five years. (Id. at 95.)

As discussed above, in Swarthout, the Supreme Court held that federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 220-21. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at 221. In other words, Swarthout foreclosed claims alleging that findings of parole suitability were not supported by sufficient evidence.

////

////

////

////

The transcript from petitioner's 2012 suitability hearing demonstrates that petitioner received the minimal procedural protections required, i.e., an opportunity to be heard and a statement of the reasons why parole was denied. Accordingly, this claim should be denied.

*Claim 5: Ex Post Facto*

In claim 5, petitioner alleges that application of the more onerous parole suitability standards set forth in California Penal Code § 3041 violate the Ex Post Facto Clause. Petitioner raised this claim in a previous habeas corpus petition filed in this court, Carr v. Kramer, 2:06-cv-1502 MCE EFB P.[3] The Honorable Morrison C. England found no merit to this claim. (See 06-cv-1502, ECF No. 18 at 3.)

Because claim 5 was previously addressed on the merits, the undersigned recommends that this claim be denied as successive. See 28 U.S.C. § 2244(b)(3)(A) (before a second of successive petition is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application). Petitioner does not have an order from the Ninth Circuit Court of Appeals authorizing him to proceed with this successive claim.

*Claim 6: Eighth Amendment*

Petitioner alleges that his ongoing incarceration violates the Eighth Amendment. As discussed above, petitioner alleges that he was sentenced to 7 years to life following his 1977 conviction for murder.

A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271 (1980). However, outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime. United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Such instances are "exceedingly rare" and occur in only "extreme" cases. Lockyer, 538 U.S. at 73; Rummel, 445

---

[3] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

7

U.S. at 272. "A punishment within legislatively mandated guidelines is presumptively valid. 'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'" United States v. Mejia–Mesa, 153 F.3d 925, 930 (9th Cir. 1998) (citing United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).

The United States Supreme Court has held that a life sentence is constitutional, even for a non-violent property crime. See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine, although it was his first felony offense). In addition, the Ninth Circuit has specifically found that the imposition of life imprisonment without parole for a minor did not offend evolving standards of decency. Harris v. Wright, 93 F.3d 581, 585 (9th Cir. 1996).

Accordingly, a life sentence with the possibility of parole for a first-degree murder such as that committed by petitioner would not constitute cruel and unusual punishment under the Eighth Amendment. See id. Accordingly, petitioner's claim that his continued incarceration violates the Eighth Amendment must be dismissed.

*Claim 7: Release of Co-Defendants*

Petitioner appears to argue that the release of his co-defendants on parole demonstrates that the BPH's failure to find petitioner suitable for parole is unconstitutional. Petitioner argues that the actual shooter was found suitable in 2006, and the other co-defendant was found suitable over 20 years ago. (ECF No. 1 at 19.)

In 2: 14-cv-1556 WBS CKD P, petitioner argued that the fact that his co-defendant, who actually committed the killing for which petitioner was found guilty of conspiring to commit, had been paroled meant the Constitution demanded that petitioner be paroled as well. The court in 2:14-cv-1556 denied this claim for the following reasons:

> However, the Supreme Court has held that the Constitution does not require that two persons who committed the same crime receive the same sentence. Williams v. Illinois, 399 U.S. 235, 243 (1970).

8

> In any case, under California law, whether or not a prisoner is paroled depends upon many factors, not simply a prisoner's commitment offense. Petitioner fails to show that when considering all the relevant factors, he was an equal or better candidate for parole than his co-defendant. Furthermore a single demonstration of inequality is not enough to establish a violation of the Equal Protection Clause of the Fourteenth Amendment. McQuery v. Blodgett, 924 F.3d 829, 835 (9th Cir. 1991). Petitioner must show "systemic" discrimination, id., which he has not done.

2:14-cv-1556, ECF No. 11 at 2.

Petitioner's claim alleging that he should be found eligible for parole because his co-defendant who was the shooter was released on parole is successive because it was previously addressed on the merits in 2:14-v-1556. Accordingly, this claim should be denied as successive. See 28 U.S.C. § 2244(b)(3)(A) (before a second of successive petition is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application). Petitioner does not have an order from the Ninth Circuit Court of Appeals authorizing him to proceed with this successive claim.

In any event, petitioner's claim alleging that the release of both of his co-defendants on parole demonstrates that he should be released on parole should be denied, on the merits, for the reasons set forth above by the court in 2:14-cv-1556. In other words, the claim raised in the instant action fails for the same reasons as the related claim raised in 2:14cv-1556.

Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 3) is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 10, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Carr1364.dis